UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION

GREAT AMERICAN ASSURANCE
COMPANY,

        Plaintiff,              Case No.: 13-12081

v                                    Honorable Robert H. Cleland

ALEXANDER & ANGELAS, P.C., a
Michigan professional corporation, and
PETER A. ANGELAS, an individual,

        Defendants.
_____/

| EDWARD G. LENNON PLLC | MADDIN, HAUSER, WARTELL, ROTH & |
|---|---|
| Edward G. Lennon (P42278) | HELLER, P.C. |
| Attorney for Plaintiff | Harvey Heller (P27351) |
| 355 S. Old Woodward, Ste. 100 | Karen Libertiny Ludden (P48815) |
| Birmingham, MI 48009 | Julie Chenot Mayer (P39532) |
| (248) 723-1276 | David M. Saperstein (P49764) |
| | Attorneys for Defendants |
| | 28400 Northwestern Hwy., 3rd Floor |
| | Southfield, MI 48034 |
| | (248) 354-4030 |

_____/

## STIPULATED PROTECTIVE ORDER

At a session of said court held in the City of Detroit,
County of Wayne, State of Michigan
on   November 15, 2013

Based upon the stipulation of the parties, as evidenced by the signatures of their attorneys below:

**IT IS HEREBY ORDERED THAT:**

1.    <u>Designation of Materials as Confidential.</u>  Any party in this matter may designate as "Confidential" such documents and/or information produced by them or by any third party during the course of discovery which they deem to be of a confidential nature.  The primary purpose of this order is to protect certain financial, proprietary and

confidential information contained in the parties' documents. Designated documents and/or information shall be used only for and in connection with this matter and as set forth in this Protective Order.

2. <u>Designation of Materials as Confidential Shall be Reasonable and in Good Faith</u>. A designation shall constitute a representation by the party and its counsel that they, in good faith, believe that the material so designated contains or constitutes information which is properly the subject of this Protective Order. The party producing documents or information designated as confidential (or that wishes the designation to be made as to documents produced by a third party) will make the designation only as to those documents that he or she reasonably believes contains confidential information. Any party shall have the right to object to the designation of documents or information as confidential and seek appropriate relief from the Court. However, until further order of the Court, those documents or information shall continue to be treated as Confidential under this Protective Order. On any motion regarding claims of confidentiality, the party claiming confidentiality shall have the burden of establishing that the document is indeed of a confidential nature entitled to protection.

3. <u>Documents to be Stamped Confidential</u>. Documents or portions of documents may be designated as Confidential by stamping or otherwise marking the document or the portion of the document "Confidential." Documents need not be designated "Confidential" at the time such documents are made available for inspection, but may be so designated at the time copies are produced.

4. <u>Deposition Testimony Designated Confidential</u>. Any party may designate the deposition of any of its employees, agents, officers or directors (past or present) or any portion thereof (including exhibits) as "Confidential" by stating orally on the record at the deposition, hearing or trial that certain information or testimony is "Confidential." A party may also designate deposition testimony as "Confidential" by advising the court reporter and all parties of this designation in writing within 14 days after the receipt of the transcript by counsel for the deponent. The court reporter shall be advised by

counsel to limit the distribution of the "Confidential" transcript to the parties, the deponent and their respective counsel.

5. <u>Later Confidential designation permitted</u>. Notwithstanding the foregoing, the inadvertent failure to designate material as "Confidential" will not preclude a later designation to the extent that confidential treatment can still be obtained without undue burden or expense to any party to the litigation.

6. <u>Use of Confidential Material</u>. Material or information designated as "Confidential" under this Protective Order shall not be used or disclosed by any party or their counsel, or any person acting on their behalf, to any other persons for any purpose whatsoever other than for the preparation and conduct of this action (including motions, briefs, memoranda, correspondence, case evaluation, facilitation/mediation and/or trial) and any appeal of this matter.

7. <u>Restrictions on Disclosure.</u> The parties shall not disclose or permit the disclosure of any material or information designated as "Confidential" under this Protective Order to any person or entity, except the following:

   a. The parties;
   b. Counsel of record for the parties in this matter and employees of counsel;
   c. Expert witnesses employed by the parties to assist in the preparation and trial of this matter.  Prior to disclosure to any expert, the expert must be provided a copy of this Protective Order;
   d. Witnesses at trial or deposition where the documents or information are relevant to the testimony of that witness.  However, no witness who has not agreed to be bound by this Protective Order may be given possession or custody of any Confidential document;
   e. Persons who are deposed or testify in this action, and counsel for said deponent provided it is reasonably necessary to further this litigation; and

    f. The Court, the Court's staff, Court reporters and the jury.

  8. <u>Compliance.</u> Prior to disclosure of documents or information which has been designated Confidential to third party persons identified in subparagraphs 7 (c), 7 (d) and 7 (e) of this Order, counsel shall provide to such third party a copy of this Order and obtain an executed certification of understanding (attached hereto) acknowledging.

  9. <u>Filing of Confidential Material Under Seal</u>.  In the event any party wishes to include Confidential documents or information in a filing with the Court, the filing shall be made in a sealed envelope on which shall be endorsed the caption of this action and a statement substantially in the following form:

> "CONFIDENTIAL"
> This envelope contains information that is subject to a protective order in this case.  This envelope shall not be opened nor the contents thereof displayed or revealed except by Order of the Court. Violation thereof may be regarded as contempt of the Court.

  10. <u>Document retention.</u> Counsel for the parties shall keep all documents or information designated as "Confidential" within their exclusive possession and control, except as provided herein.

10. <u>Document return at end of case.</u> Upon the final termination of this action, whether by judgment, settlement, appeal or otherwise, all confidential documents or information produced in this matter shall be (i) returned to the party that designated the material as "Confidential" or (ii) destroyed by the recipient of any confidential information or documents.

  **IT IS SO ORDERED.**

               S/Robert H. Cleland
              ROBERT H. CLELAND
              UNITED STATES DISTRICT JUDGE

Dated:  November 15, 2013

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, November 15, 2013, by electronic and/or ordinary mail.

                S/Lisa Wagner
                Case Manager and Deputy Clerk
                (313) 234-5522

**We hereby stipulate to entry of the within Order.**

| /s/Edward G. Lennon | /s/Karen Libertiny Ludden |
|---|---|
| Edward G. Lennon (P42278) | Karen Libertiny Ludden (P48815) |
| Attorney for Plaintiff | Attorneys for Defendants |
| 355 S. Old Woodward, Ste. 100 | 28400 Northwestern Hwy., 3rd Floor |
| Birmingham, MI 48009 | Southfield, MI 48034 |
| (248) 723-1276 | (248) 354-4030 |
| elennonl@lennonlawpllc.com | kludden@maddinhauser.com |